IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-624-BO

| | |
|---|---|
| CLARETHER GRAHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22 & 24]. A hearing on this matter was held in Raleigh, North Carolina on August 20, 2014 at 10:00 a.m. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On July 20, 2010, plaintiff protectively filed an application for disability benefits and supplemental security income with an alleged onset date of May 1, 2010 due to depression, carotid stenosis, stroke, knee problems, and high blood pressure. [Tr. 209, 219–20]. Her claims were denied initially and upon reconsideration. On March 21, 2012, an Administrative Law Judge ("ALJ") held a hearing. The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act on September 27, 2012. On July 9, 2013, the Appeals Council denied plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks review of that decision pursuant to 42 U.S.C. §§ 405(g).

Ms. Graham was 51 years old at the time of her alleged onset date and had worked for a period of 20 years as a Certified Nursing Assistant.

## **DISCUSSION**

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves

on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff alleges the ALJ erred by improperly evaluating plaintiff's credibility and RFC. The ALJ found plaintiff had an RFC of light with occasional pushing and pulling, occasional postural activities, and avoidance of hazards. [Tr. 21]. During the hearing, the ALJ noted that plaintiff would be entitled to benefits if she was limited to sedentary work. [Tr. 61]. Such a ruling would be pursuant to GRIDS 201.14. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x II § 201.14. However, because the ALJ determined plaintiff's RFC to be light, she was not found to be disabled. This decision is not supported by substantial evidence and is therefore in error.

The first flaw in the ALJ's decision making was finding that Ms. Graham lacked credibility because she "had a steady gait when she received emergency room treatment on December 31, 2010." [Tr. 23]. The brief mention of plaintiff's gait during an emergency room visit unrelated[1] to her back and knee problems is completely unsubstantial. This is especially so in light of the numerous notations in the record which describe Ms. Graham's gait as "antalgic," "slow" or "limping". [Tr. 311, 365, 567, 621, 698, 703].

The ALJ next discounted plaintiff's credibility because her chiropractor returned her to work in November 2010. [Tr. 23]. However, a review of the record reveals no such statement by the chiropractor and, in fact, the chiropractor notes several functional limitations. [Tr. 568, 573–90]. The ALJ's failure to consider this other medical source statement in itself is error. SSR 06-03p.

---

[1] The ER visit was for hyperglycemia with increased urination and thirst (diabetes) and no orthopedic examination was conducted. [Tr. 592].

3

The ALJ also discounted plaintiff's testimony because she only saw a chiropractor and never an orthopedist for her back pain. [Tr. 23]. However, plaintiff's lack of insurance and her financial problems are well documented in the record. [Tr. 36, 48, 57–58]. The Fourth Circuit instructs that "[a] claimant may not be penalized for failing to seek treatment she cannot affod; '[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that my help him.'" *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (quoting *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984)). Therefore, the ALJ cannot use plaintiff's failure to consult an orthopedist in order to discount her credibility and doing so was error.

Finally, the ALJ discounted plaintiff's credibility because her "knee x-rays showed only minimal arthritis." [Tr. 23]. This is simply unsupported by the record. [Tr. 310, 656–59, 665–66, 699–701, 703]. Her treatment records are not consistent with "minimal arthritis."

Viewing plaintiff's testimony as credible necessarily leads to the conclusion that the ALJ's finding of an RFC of light is not supported by substantial evidence. Indeed, it is clear to the Court that the substantial evidence shows that plaintiff cannot do anything but sedentary work. Finding that plaintiff's RFC is properly categorized as sedentary necessitates a finding of disability under the GRIDS. 20 C.F.R. Pt. 404, Subpt. P, App'x II § 201.14. Accordingly, the Court reverses the decision of the Commissioner and remands the matter for an award of benefits.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial

4

evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the ALJ clearly explained her reasoning, it was simply in error. It is clear that the record does not contain substantial evidence to support a decision denying coverage.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 29 day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE